IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jetta Packer,                        Case No. 3:06CV1412

       Plaintiff

v.                                  ORDER

United Food & Commercial Workers
      Local 911, et al.,

       Defendant

       This is a pro se suit by a union member against her union and one of its representatives. The plaintiff is dissatisfied with the representation afforded to her by the union during grievance and arbitration proceedings following discipline imposed on her by her employer, the Kroger Company.

       Pending are three motions by the plaintiff: 1) to remove the defendant union's attorney; 2) for leave to amend her complaint; and 3) for compliance with her request for a bill of particulars.

       For the reasons that follow, the motions to remove counsel and for compliance with her request for a bill of particulars shall be denied. Because the defendants state that they do not object to plaintiffs motion for leave to amend her complaint, that motion shall be granted.

       First, with regard to plaintiff's motion for removal of the union's attorney: the gravamen of the motion is plaintiff's perception that a conflict of interest exists because the same attorney who presented her grievances now is defending the union in this litigation.

The plaintiff misperceives the attorney's status. He was not her attorney at the arbitration; he was the union's attorney. So the attorney-client relationship is unchanged. His primary obligation at the arbitration was to represent the union's interests; in doing so, he also had a duty, as a union official, fairly to represent the plaintiff. But any conflict inherent in this situation is not grounds for barring him from representing the union in this case.

In any event, plaintiff has not shown that union counsel has disclosed or will misuse any privileged information. Likewise, though she contends that the attorney may become a witness in this proceeding, disqualification on such basis would be premature.

Second, with regard to the plaintiff's motion to compel compliance with her bill of particulars. As defendants argue in response, the document which plaintiff served on their counsel does not comply with the Federal Rules of Civil Procedure. It seeks a variety of documents, information, and responses. Some of the information sought might be appropriately requested in requests for production, other information might properly be the subject of a request to admit or deny, and other information might properly be the subject of interrogatories. When presented with a grab-bag of requests and demands, the defendants are not required to sort out what sort of response is appropriate.

In any event, much of the information, as presently sought, is beyond the scope of discoverable information.

More importantly, it is apparent that the plaintiff and defense counsel have not "met and conferred," as required by our local rules. Nor have the parties presented their dispute [following a "meet and confer"] to the court for informal resolution. No motions pertaining to discovery can be presented until those procedures have been undertaken.

Plaintiff's motion for discovery shall, accordingly, be denied.

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion for removal of counsel and discovery be, and the same hereby are overruled;

2. Plaintiff's motion pertaining to discovery be, and the same hereby is overruled;

3. Plaintiff's motion for leave to amend her complaint be, and the same is without opposition granted; defendants to answer or otherwise plead to plaintiff's amended complaint on or before March 15, 2007;

4. Prior schedule and deadlines confirmed.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
