IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jetta F. Packer,                                          Case No. 3:06CV1412

        Plaintiff

v.                                                        ORDER

Karen McHue, etc., et al.,

        Defendants

This is a suit by a former employee of the Kroger Company in Toledo, Ohio, in which the plaintiff claims that during the course of representing her in grievance proceedings, defendants United Food & Commercial Workers Local 911 and Karen McHue, a Union representative, engaged in race, gender, and age discrimination; retaliation; and fraud.

Pending is the defendants' motion to dismiss or, in the alternative, motion for summary judgment. For the reasons that follow, the motion shall be granted.

Plaintiff was a long-time Kroger employee. She was disciplined as a result of customers' complaints about her. She grieved the discipline and other actions by Kroger [including, on one occasion, Kroger's decision to call the police after plaintiff failed to leave the store after management had instructed her to do so]. The grievances were unsuccessful, and plaintiff was terminated.

Plaintiff's complaint alleges that Ms. McHue and the Union discriminated against her on the basis of her race, gender, and age. Her allegations are conclusory, as are her additional allegations of retaliation and fraud.

Though she has submitted voluminous materials with her opposition to the defendants' motion to dismiss or, in the alternative, motion for summary judgment, plaintiff has failed to make out a *prima facie* case that she was treated differently by the Union than were co-workers who were the subjects of similar types and numbers of customer complaints. Plaintiff's suit, therefore, must be dismissed for plaintiff's failure to show that there exists a genuine issue of material fact with regard to differential treatment between her and similarly situated persons outside the protected class. *See generally Mitchell v. Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992) (plaintiff has duty to show that other employees, similarly situated "in all respects" except for being outside protected class, were treated more favorably).

Because the plaintiff has not made such a showing, she cannot prevail on her claims of gender, race, and age discrimination.

The same is true with regard to her claim of retaliation.

Plaintiff's allegations of fraud on the part of Ms. McHue are entirely conclusory. She has not, accordingly, plead her claim with the requisite degree of particularity required by Fed. R. Civ. P. 9(b). *See, e.g.,Ullmo ex rel. Ullmo v. Gilmour Academy*, 273 F.3d 671, 678 (6th Cir. 2001) (To comply with Rule 9(b) a "'plaintiff must allege specifically times, places, [and] contents . . . of the underlying fraud.'") (citing *Vild v. Visconsi*, 956 F.2d 560, 567 (6th Cir. 1992) (discussing elements of adequate pleading under Rule 9(b)).

Plaintiff has not plead her claim of fraud adequately, and thus has failed to state a cause of action.

**Conclusion**

For the foregoing reasons, it is

ORDERED THAT defendants' motion to dismiss or, in the alternative, motion for summary judgment be, and the same hereby is granted.

Further, the court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
